HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW MUNGER,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>        Defendants. | CASE NO. C19-5571TSZ<br><br>ORDER |

THIS MATTER is before the Court on Defendant United States' Motion to Dismiss, docket no. 42, Plaintiff Munger's third amended complaint, docket no. 28. The United States claims that it has not waived its sovereign immunity in this case, and the Court does not have subject matter jurisdiction over it.

## I. BACKGROUND

Munger alleges he tripped over a door mat in the vestibule outside the Social Security Administration's ("SSA") Longview, Washington office on May 18, 2017. The SSA rented the office from the building's owner, Defendant Don Cianci Properties, LLC

ORDER - 1

("Cianci Properties"). Munger claims the door mat was "faulty," causing him to fall. He was severely injured and is now paralyzed. He sued the United States and Cianci Properties in June 2019.

Munger's third amended complaint alleges the door mat was under the "ownership, control, supervision, management, care and maintenance of the Defendants." Docket no. 28 at p 13. He alleges the government and Cianci Properties breached their respective duties to maintain a safe premises, to provide maintenance, and to warn invitees of dangerous conditions. He asserts a Federal Tort Claims Act ("FTCA") claim against the United States and a negligence claim against Cianci Properties.

The United States correctly argues that the FTCA waives sovereign immunity as to negligent or wrongful acts or omissions of government employees, acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). It argues that under the lease agreement, Cianci Properties remained responsible "for total maintenance and repair of the leased premises," including the floors and floor coverings. Motion to Dismiss, docket no. 42 at p. 5 (citing Pearson Decl., docket no. 44 at Exs. A and B). It argues that the floor coverings and door mats at the SSA office were provided by the owner and maintained by the owner's janitorial crew. Docket no. 44 at p. 2. Thus, it argues, maintaining the door mat that allegedly caused Munger's injuries was *not* within the scope of any government employee's employment, and the FTCA's "independent contractor" exception deprives the court of subject matter jurisdiction over Munger's claim.

Don Cianci responds that he is the individual at Cianci Properties that the SSA would contact about any issues at the building. Cianci Decl., docket no. 50. His Declaration includes a photograph taken from the building's video system, showing Munger and the door mat just before he fell:



Cianci Decl., docket no. 50 at Ex. 1. It is the Court's understanding that Munger is standing in the doorway, looking outside, on his way into the SSA office, which is toward the bottom of the photograph.

Cianci claims his tenant, SSA, has never contacted him about any safety or maintenance issue with the door mat. He claims he did not own, know about, or place the door mat in the building's vestibule, and he does not know who did. Docket no. 50.

Cianci Properties denies that it had any duty to supervise the area where Munger fell. It argues that the Court should not determine through a jurisdictional challenge substantive factual issues about whether and to what extent any party was negligent.

Munger points out that the SSA responded to and investigated his accident, and conceded that it was obligated to pay for the damage it caused to the building. Batchelor Decl., docket no. 52 at Exs. 1 and 2. The SSA's "incident report" did not address the door mat's role in the accident, its condition, or its ownership:

> **Incident Summary:**
> A visitor entered our building and tripped in the entryway. He fell into the wall head first and received an open wound to his forehead as a result. The wall was dented and cracked as well. The guard called 911 and the visitor was taken to the local hospital by medical responders.
>
> There is blood on the wall and floor. The area has been taped off. The DM called the lesser to advise of the situation and to get the blood cleaned up. Janitor will be coming soon to clean up area.

Docket no. 52 at Ex. 1. Munger argues there is a factual dispute over whether Cianci Properties was an independent contractor, rather than an agent of the United States. He also argues that as the sole occupier of the office, the United States had a duty to ensure the safety of its invitees, whether or not it owned the building. Indeed, Munger claims, the United States has refused to allow his attorney to visit the site, demonstrating the government's control over it. Like Cianci Properties, Munger argues that who put the door mat in the vestibule and who had care, custody, and control over it, are factual questions going to the merits of his claims, and should not be resolved on a motion to dismiss.

## II. DISCUSSION

The United States seeks dismissal of Munger's FTCA claim for lack of subject matter jurisdiction under Rule 12(b)(1). It correctly argues that subject matter jurisdiction is a threshold issue, and the initial presumption is that a court does not have jurisdiction. It is a plaintiff's burden to demonstrate that it does. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

A district court can generally resolve factual disputes related to subject matter jurisdiction in the context of a Rule 12(b)(1) motion. It should refrain from resolving such disputes, however, where the jurisdictional issue and the substantive merits of the case are "inextricably intertwined." *See Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1196–97 (9th Cir. 2008).

The FTCA is a limited waiver of the United States' sovereign immunity. The federal government is liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment, in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1); *see also Sanchez v. United States*, 2008 WL 4542433 (W.D. Wash. Oct. 8, 2008) (citing *Autrey v. United States*, 424 F.3d 944, 956 (9th Cir. 2005)). The United States is not vicariously liable for the torts of "any contractor of the United States." 28 U.S.C. § 2671. The United States is not liable for the acts or omissions of independent contractors. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995).

A contractor does not become an agent of the United States for FTCA purposes unless the government directs the contractor's actual performance, or supervises or

directs its day-to-day operations, making it "a *de facto* government employee." *Sanchez*, 2008 WL 4542433, at *6 (citing *Autrey,* 424 F.3d at 957). The United States will not be liable under the FTCA's independent contractor exception by virtue of entering contracts and demanding compliance with federal standards, unless it "actually supervises the day-to-day operations of the endeavor." *Williams*, 50 F.3d. at 306 (citing *Logue v. United States*, 412 U.S. 521, 529 (1973) and *United States v. Orleans*, 425 U.S. 807, 813 (1976)). Courts look to the terms of the underlying contract to determine whether the government exerts the requisite level of actual control over its contractor's day-to-day operations to make them its agents, rather than independent contractors. *Sanchez*, 2008 WL 4542433, at *5 (citing *Williams*, 50 F.3d at 305).

The United States' motion is a factual attack on Munger's claim of jurisdiction under the FTCA. It argues and demonstrates its lease reasonably and plainly delegated to the landlord, Cianci Properties, responsibility for the "total maintenance and repair of the leased premises," including floors and floor coverings. Docket no. 42 at 5 (citing docket no. 44 at Ex. B, ¶ 4.11(A)). Citing *Williams* and *Sanchez*, it argues that the FTCA's independent contractor exception applies, and the Court does not have subject matter jurisdiction over Munger's FTCA claim as a matter of law.

Munger argues there is not enough evidence before the Court to determine that Cianci Properties was an independent contractor, rather than an agent of the United States. He argues that *Williams* involved a maintenance contract with a third party, not a lease that included a maintenance obligation, but that is a distinction without a difference. Munger emphasizes the comprehensive nature of the contractor's obligation in *Williams*,

and points out that here, the contractor disputes that it had the duty to constantly monitor and repair the facility.

There is no evidence or inference that the United States controlled Cianci Properties' performance of its obligations under the lease, at all. There is certainly no evidence that it did so on a day-to-day basis to make its landlord a "*de facto* government employee." It is true that the contract (the lease and incorporated documents, docket no. 44 at Exs. A and B) required Cianci Properties to perform various tasks and meet certain standards. But that alone is clearly not enough to demonstrate that the government had day-to-day control over Cianci Properties' performance of its lease obligations. Indeed, as Munger concedes, the contracts at issue in *Williams* and *Sanchez* imposed *more* stringent requirements on the contractor than does the lease at issue here, and in both cases the contractor's independent status was determined on a motion to dismiss for lack of subject matter jurisdiction under the FTCA.

*Williams* similarly involved a slip and fall at the entrance to a government building. The floor was wet after a rainstorm, apparently due to defective or missing weather-stripping around a door. The United States had hired a maintenance contractor provide "broad" custodial and maintenance functions, including a specific duty to keep the doors, weather-stripping, floors and floor mats in good repair, and to keep the floor dry. The contractor was required to have an engineer on call twenty-four hours a day, seven days a week, and its access to the space was unlimited. *Williams*, 50 F.3d at 302. The Fourth Circuit rejected the plaintiff's claim that the contract's specificity made the contractor the government's agent, and confirmed that in the absence of "detailed

physical control" over the contractor's performance, the government was not vicariously liable for the negligence of its independent contractor, under the FTCA's independent contractor exception. *Williams*, 50 F.3d at 306.

In *Sanchez*, the plaintiff was "nicked" while getting a haircut at a barbershop operating under a contract at an Army base. The cut became infected and required two trips to the emergency room. The barbershop's contract required the contractor to follow all sanitation protocols, to keep the shop clean and orderly, and to practice personal hygiene. *Sanchez*, 2008 WL 4542433, at *1. The court rejected the claim that the contract made the barbershop owner the government's agent. Citing *Williams* and *Autrey*, it held that the contract delegated the sanitary operation of the barbershop to the contractor, and in the absence of any evidence the United States was involved in the day-to-day control or supervision of the barbershop's operation, the United States could not be vicariously liable for the torts of its independent contractor. *Id.* at *7. The same result is required here. The Court concludes as a matter of law that Cianci Properties was an independent contractor, and the United States is not vicariously liable under the FTCA for any negligence on Cianci Properties' part.

Munger also argues that because it occupied the office, if the United States knew or should have known of the dangerous condition, it had a duty to correct it, or to warn invitees about it. He claims the government itself is liable for failing to do so. The Court can also resolve this claim in the context of a motion to dismiss. *Williams* rejected the plaintiff's similar claim that the United States itself was liable as the occupier of the property under Virginia state law, notwithstanding its delegation of such maintenance to

a contractor. "[T]he thrust of the FTCA focus[es] liability on the *person* whose conduct the plaintiff [seeks] to impute to the United States, and this focus 'necessarily forestall[s] any notion that the government becomes liable, itself, for a generalized breach of duty.'" *Williams*, 50 F.3d at 308 (citing *Berkman v. United States*, 957 F.2d 108 (4th Cir. 1992)) (emphasis added).

*Williams* also rejected the plaintiff's claim that the United States' employees' knowledge of the ineffective weather-stripping—they complained about it to the contractor—made them liable for negligently hiring a slow-to-respond contractor, under the FTCA's discretionary function exception. That exception protects public officials where their duties necessarily involve making decisions grounded in public policy. *Williams*, 50 F.3d at 309. *Williams* rejected for the same reason the plaintiff's claim that government employees were negligent in failing to post warnings about the condition until it was repaired. *Id*. at 310 (citing *Kiehn v. United States*, 984 F.2d 1100, 1103 (10th Cir. 1993)) (decision not to post warning signs is "clearly discretionary as it involves an element of judgment or choice"). Munger's argument that the government is liable as the occupier of the property is not well-taken, and it is not enough to avoid dismissal.

However, Munger's final argument—that the United States owned, or that its employee placed or otherwise factually controlled the allegedly defective mat, notwithstanding the lease—may have some merit. He claims there is a factual dispute as to whether an employee of the United States placed the allegedly defective door mat in the vestibule.

ORDER - 9

Munger points to Cianci's Declaration, which claims that he did not do so, and that the SSA never notified him of any issues with the door mat. Docket no. 50. In support of the United States' Reply, the SSA District Manager in charge at the Longview office, Jeremy Pearson, filed a second Declaration claiming that the door mat was in place when the SSA moved into the space in 2011, and when Cianci Properties purchased the building and assumed the lease in 2012. Docket no. 55 at pp. 1–2.

But this is a factual dispute going to the substantive merits of Munger's FTCA claim. If an SSA employee, rather than the landlord, placed a defective door mat in the building's vestibule, he or she might be negligent in a way that is attributable to the United States under the FTCA.

The Court should not and cannot resolve this substantive factual issue in the context of a Rule 12(b)(1) jurisdictional challenge. In *Sanchez*, the court similarly declined to resolve a factual issue about whether the Army base's water supply (not delegated to the contractor) was the cause of the plaintiff's staph infection. *Sanchez*, 2008 WL 4542433, at *8 ("Plaintiff's claim under the FTCA as it relates to an injury that is alleged to have resulted solely from the United States' act or omission should not be dismissed on the basis of lack of subject matter jurisdiction."); see also *Kingman*, 541 F.3d at 1196–97.

The Court therefore DENIES the United States' Motion to Dismiss without prejudice. It will permit jurisdictional discovery into the factual circumstances surrounding the door mat's placement in the vestibule. This discovery may include depositions of the relevant parties, an inspection of the premises, and, to the extent they

have not been provided, the production of documents on this issue. The jurisdictional discovery should be completed within 90 days of this Order. The United States may re-file a Rule 12(b)(1) motion on this final issue, within 120 days of this Order.

### III. CONCLUSION

The United States' Motion to Dismiss for lack of subject matter jurisdiction under the FTCA, docket no. 42, is DENIED without prejudice, notwithstanding the United States' right to re-file its motion on the remaining issue within 120 days, after jurisdictional discovery is complete.

IT IS SO ORDERED.

Dated this 23rd day of November, 2020.

_____
Thomas S. Zilly
United States District Judge