The Honorable Thomas S. Zilly

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
8                   AT TACOMA

9

10   STEVEN MUNGER, as PERSONAL                    CASE NO. 3:19-cv-05571-TSZ
     REPRESENTATIVE of the ESTATE OF
11   MATTHEW MUNGER,                                **STIPULATED
                                                    AMENDED
12                          Plaintiff,              PROTECTIVE ORDER**

13            v.

14   UNITED STATES OF AMERICA, et al.,

15                          Defendants.

16

17   1.    PURPOSES AND LIMITATIONS

18         Discovery in this action is likely to involve production of confidential, proprietary, or

19   private information for which special protection may be warranted. The government anticipates

20   that documents pertaining to individuals in a "system of records," as defined by the Privacy Act,

21   5 U.S.C. § 552a(a)(5) (the "Privacy Act"), disclosure of which would potentially constitute a

22   violation of criminal and civil law under § 552a(b) of the Privacy Act, absent an Order from this

23   Court pursuant to § 552a(b)(11) of the Privacy Act, may need to be released and/or disclosed in

24   discovery for the purpose of litigating this case. Accordingly, the parties hereby stipulate to and

25   petition the court to enter the following Stipulated Protective Order. The parties acknowledge that

26   this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures

or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

•    Matthew Munger's Social Security Administration records;

•    Any person's financial records, including tax returns;

•    Any other records whose release without a protective order would potentially violate the Privacy Act, 5 U.S.C. § 552a.

•    Any other disclosure or material that is designated as "Confidential."

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        (h)     insurers for any of the parties, including coverage counsel for the insurers

2  who have or may provide indemnity or other coverage in connection with claims asserted in this

3  case;

4        (i)     any mediator who has been appointed by the Court or jointly selected by

5  the Parties to preside over mediation of this matter, any of their staff to whom disclosure is

6  reasonably necessary; and

7        (j)     such other persons only by written consent of the producing party or upon

8  order of the Court and on such conditions as may be agreed or ordered.

9        4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

10  referencing such material in court filings, the filing party shall confer with the designating party,

11  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

12  remove the confidential designation, whether the document can be redacted, or whether a motion

13  to seal or stipulation and proposed order is warranted. During the meet and confer process, the

14  designating party must identify the basis for sealing the specific confidential information at issue,

15  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

16  the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

17  the standards that will be applied when a party seeks permission from the court to file material

18  under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the

19  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

20  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

21  the strong presumption of public access to the Court's files.

22  5.     <u>DESIGNATING PROTECTED MATERIAL</u>

23        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

24  or non-party that designates information or items for protection under this agreement must take

25  care to limit any such designation to specific material that qualifies under the appropriate

26  standards. The designating party must designate for protection only those parts of material,

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   documents, items, or oral or written communications that qualify, so that other portions of the

2   material, documents, items, or communications for which protection is not warranted are not swept

3   unjustifiably within the ambit of this agreement.

4   Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

6   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

7   and burdens on other parties) expose the designating party to sanctions.

8   If it comes to a designating party's attention that information or items that it designated for

9   protection do not qualify for protection, the designating party must promptly notify all other parties

10   that it is withdrawing the mistaken designation.

11   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

12   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

13   ordered, disclosure or discovery material that qualifies for protection under this agreement must

14   be clearly so designated before or when the material is disclosed or produced.

15   (a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and

16   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

17   the designating party must affix the word "CONFIDENTIAL" to each page that contains

18   confidential material. If only a portion or portions of the material on a page qualifies for protection,

19   the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

20   markings in the margins).

21   (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

22   and any participating non-parties must identify on the record, during the deposition or other pretrial

23   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

24   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

25   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

26

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

2  Bound" that is attached hereto as Exhibit A.

3  9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

4  MATERIAL

5  When a producing party gives notice to receiving parties that certain inadvertently

6  produced material is subject to a claim of privilege or other protection, the obligations of the

7  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

8  is not intended to modify whatever procedure may be established in an e-discovery order or

9  agreement that provides for production without prior privilege review. The parties   agree to the

10  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11  10.   NON TERMINATION AND RETURN OF DOCUMENTS

12  Within 60 days after the termination of this action, including all appeals, each receiving

13  party must return all confidential material to the producing party, including all copies, extracts and

14  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

15  Notwithstanding this provision, counsel are entitled to retain one archival copy of all

16  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

17  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

18  product, even if such materials contain confidential material.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The confidentiality obligations imposed by this agreement shall remain in effect until a

2  designating party agrees otherwise in writing or a court orders otherwise.

3              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED:      March 17, 2022              /s/ Brandon K. Batchelor
                                          Brandon K. Batchelor, WSBA No. 42477
6                                         RUSSELL & HILL, PLLC
                                          3811A Broadway
7                                         Everett, WA 98201
                                          P: (425) 212-9165
8                                         F: (425) 212-9168
                                          brandon@russellandhill.com
9                                         Attorney for Plaintiff
10
   DATED:      March 17, 2022              /s/ Whitney Passmore
11                                        Whitney Passmore, Florida Bar No. 91922
                                          Assistant United States Attorney
12                                        Western District of Washington
                                          United States Attorney's Office
13                                        700 Stewart Street, Suite 5220
                                          Seattle, WA 98101-1271
14                                        P: (206) 553-4319
                                          F: (206) 553-4073
15                                        Whitney.passmore@usdoj.gov
                                          Attorney for Defendant United States of
16                                        America
17
   DATED:      March 17, 202               /s/ Dawna J. Campbell
18                                        Dawna J. Campbell, WSBA No. 27335
                                          BETTS, PATTERSON & MINES, P.S.
19                                        701 Pike Street, Suite 1400
                                          Seattle, WA 98101
20                                        P: (206) 268-8604
                                          F: (206) 343-7053
21                                        dcampbell@bpmlaw.com
                                          Attorney for Defendant Don Cianci
22                                        Properties, LLC
23

24

25

26

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 9

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7

8    DATED: March 17, 2022

9

10                                                    Thomas S. Zilly
                                                      United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1                                                      <u>EXHIBIT A</u>

2                <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3         I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on [date] in the

7 case of *Munger v. United States, et al.*, Case No. 3:19-cv-05571-TSZ. I agree to comply with and

8 to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

9 that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

10 I solemnly promise that I will not disclose in any manner any information or item that is subject

11 to this Stipulated Protective Order to any person or entity except in strict compliance with the

12 provisions of this Order.

13         I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16 Date: _____

17 City and State where sworn and signed: _____

18 Printed name: _____

19 Signature: _____

20

21

22

23

24

25

26

STIPULATED AMENDED PROTECTIVE ORDER

Case No. 3:19-cv-05571-TSZ - 11