1

2

3

4

5

6

7

THE HONORABLE THOMAS S. ZILLY

8

9

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

10

11

12

13

14

15

16

17

STEVEN MUNGER as PERSONAL REPRESENTATIVE of the ESTATE of MATTHEW MUNGER,

     Plaintiffs,

  vs.

UNITED STATES OF AMERICA, DON CIANCI PROPERTIES, LLC, a Washington Company, JOHN DOES 1-5,

     Defendants.

NO. 3:19-cv-005571-TSZ

STIPULATED REQUEST FOR AN ORDER COMPELLING PRODUCTION OF ADULT PROTECTIVE SERVICES RECORDS

18

19

20

21

22

23

24

25

  Plaintiff Steven Munger ("Plaintiff") and Defendants Don Cianci Properties, LLC ("Defendant Cianci"), and United States of America ("Defendant USA"), by and through their respective counsel of record, respectively submit this **Stipulated** Request for an Order compelling the Production of Adult Protective Services ("APS") records (the "Stipulated Request"), with reference to the following facts:

  1. On June 21, 2019, a complaint was filed on behalf of Matthew Munger alleging that while at the office of the Social Security Administration ("SSA"), in Longview, Washington, Mr. Matthew Munger tripped and fell on a rug sustaining injuries. Dkt. 1

STIPULATED REQUEST FOR AN ORDER
COMPELLING PRODUCTION OFAPS RECORDS

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2. Matthew Munger subsequently passed on February 14, 2021. Thereafter, Steven Munger was appointed personal representative of the Estate of Matthew Munger, and a Fourth Amended Complaint was filed on October 1, 2021. Dkt. 76.

3. On November 24, 2021, all parties signed a revised stipulation to obtain the DSHS records of Matthew Munger. *See* Ex. A.

4. On November 29, 2021, the parties requested all records related to Mr. Munger from DSHS and included an Authorization to Disclose form signed by Steven Munger, as personal representative of the Estate of Matthew Munger.  *See* Ex. B.

5. On December 1, 2021, DSHS denied the request, stating that it required a court order to complete this request because the documentation did not prove that the personal representative of Mr. Munger's estate had specific authority to authorize the release of confidential DSHS client records of the deceased. *See* Ex. C.

6. As noted by the prior release signed by Steven Munger, Plaintiff consents to the disclosure of the DSHS records in accordance the rules set out in RCW 70.02.030. Plaintiff's consent includes "All parts of the Department of Social and Health Services records, including, but not limited to all Adult Protective Services records." *Id*. This consent also allows for the disclosure of all HIV/AIDS and STD test results, diagnosis or treatment records, mental health records, and substance use disorder records. *Id*.

7. The parties requested that the Court enter an Order requiring DSHS to produce all parts of the DSHS records related to Matthew Munger.  This included, but was not limited to, all Adult Protective Services records and disclosure of all HIV/AIDS and

STIPULATED REQUEST FOR AN ORDER
COMPELLING PRODUCTION OFAPS RECORDS         - 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

STD test results, diagnosis or treatment records, mental health records, and substance use disorder records. Dkt. 85. The Court entered the Order on April 1, 2022. Dkt. 86.

8.  While DSHS has produced records, counsel for APS has indicated that different language is necessary for the production of APS records in compliance with RCW 74.34.995. Accordingly, the parties now seek an Order directed specifically at production of APS records.

9.  As Matthew Munger is deceased, the parties know of no danger presented by the disclosure of APS records to the life or safety of a vulnerable adult or reporter.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

DATED this 19th day of May, 2022.

RUSSEL & HILL, PLLC                          UNITED STATES ATTORNEY'S OFFICE


*/s/ Brandon K. Batchelor*                      */s/ Whitney Passmore*
Brandon K. Batchelor, WSBA No. 42477     Whitney Passmore, Florida Bar No. 91922
*Attorneys for Plaintiff Munger*               *Attorneys for Defendant United*
3811A Broadway                                 *States of America*
Everett, WA 98201                              700 Stewart Street, Suite 5220
brandon@russellandhill.com                     Seattle, WA 98101
                                               Whitney.passmore@usdoj.gov


BETTS PATTERSON & MINES, P.S.

*/s/ Dawna J. Campbell*
Dawna J. Campbell, WSBA No. 27335
*Attorneys for Defendant Don Cianci Properties, LLC*
Betts, Patterson & Mines, P.S.
701 Pike Street, Suite 1400
Seattle, WA 98101
dcampbell@bpmlaw.com

STIPULATED REQUEST FOR AN ORDER
COMPELLING PRODUCTION OFAPS RECORDS          - 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## ORDER

### I. Findings and Conclusions

1.1     Disclosure of Adult Protective Services ("APS") records is necessary in this matter and in the interests of justice.

1.2     Disclosure of APS records apparently will not endanger the life or safety of a vulnerable adult or reporter.

### II. Order

2.1     The requesting party (Defendant Cianci) is authorized to receive a copy of the APS records, if any, relating to Matthew Munger, *provided that* APS shall <u>not</u> be required to release the identities of persons making reports under RCW 74.34.035, and shall have the right to reserve other privileged or confidential information as it deems appropriate to protect the alleged incapacitated person. RCW 42.56.640. APS shall have the option of redacting identifying information of persons other than the protected person, who are named in the record, pending notification that release of the record has been ordered by a court or consented to by the named witnesses, residents, patients, clients, or complaints, pursuant to RCW 74.34.095 and RCW 43.190.110.

2.2     The authorized production of APS records includes disclosure of all HIV/AIDS and STD test results, diagnosis or treatment records, mental health records, and substance use disorder records.

2.3     The documents released are provided for the purpose of proceeding in the above-referenced action. It shall be the responsibility of the requesting party (Defendant Cianci), and not APS, to provide discovery to any other required parties.

STIPULATED REQUEST FOR AN ORDER
COMPELING PRODUCTION OF DSHS RECORDS     - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2.4     The parties will destroy all medical records containing protected health information and mental health treatment records at the conclusion of the above-referenced legal matter.

Dated this 23rd day of May, 2022.

_____
Thomas S. Zilly
United States District Judge

Approved as to form; Notice of
Presentation Waived:

OFFICE OF THE ATTORNEY GENERAL

By */s/ Courtney Vale Lyon*
     Courtney Vale Lyon, WSBA #43226
Assistant Attorney General
Attorneys for Adult Protective Services

STIPULATED REQUEST FOR AN ORDER
COMPELING PRODUCTION OF DSHS RECORDS          - 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

*EXHIBIT A*

1
2
3
4
5   The Honorable Thomas S. Zilly
6
7   UNITED STATED DISTRICT COURT
8   WESTERN DISTRICT OF WASHINGTON
    AT TACOMA

9   STEVEN MUNGER, as Personal
10  Representative of the ESTATE OF        No. 3:19-cv-05571-TSZ
    MATTHEW MUNGER,
11                                         **STIPULATION TO OBTAIN THE DSHS**
12              Plaintiff,                 **RECORDS OF MATTHEW MUNGER**
13
    vs.
14
15  UNITED STATES OF AMERICA; et al.
16
17              Defendants.
18

19      COME NOW the parties hereto, through their respective counsel, and stipulate
20
    as follows:
21
22      That the records librarian of the named facility attached is hereby authorized to
23
24  release copies of, or make available for copying by a field representative of T-Scan,
25  4200 23rd Avenue West, Suite 200, Seattle, Washington  98199, the complete records
26
27  of the person disclosed herein, pursuant to the attached Authorization For The Release
28  Of Records in accordance with changes in federal law under HIPAA and consistent with
29
30  Washington law requirements and that the facility will be paid by T-SCAN, INC. at the
31  time of copying said materials, with T-Scan subsequently being reimbursed by each of
32

STIPULATION TO OBTAIN THE DSHS RECORDS
OF MATTHEW MUNGER - Page 1

the respective counsel who shall be responsible for payment to T-Scan for their copying

services, upon receipt of copies of the records.

The copies so produced shall be identified as the authenticated records of

MATTHEW L. MUNGER   Further identification at the time of hearing or trial being

waived, but objections as to competency, materiality and relevance being reserved until

the time of hearing or trial.  The parties agree that the records will not be used for any

purpose outside of this litigation.  If either party intends to file any portion of these

records in court, the filing party will take appropriate measures to protect confidential

information, including, redacting the document of all confidential information, and/or

seeking permission to file such documents under seal.

DATED: ___11/24/2021_____          DATED: _July 27, 2020_____

_____          _/s/ Nancy T. McKinley_____
Brandon K. Batchelor, WSBA #42477          Nancy T. McKinley, WSBA #7992
Attorney for Plaintiff                               Attorney for Defendant Don Cianci
                                                  Properties

Copies requested: YES ____ No __X__          Copies requested: YES ____ No ____

DATED:
___11/23/2021_____

___/s/Heather C. Costanzo_____

Heather C. Costanzo, FL #37378 Attorney
for Defendant USA

Copies requested: YES ____ No __X__

STIPULATION TO OBTAIN THE DSHS RECORDS
OF MATTHEW MUNGER - Page 2

FALLON McKINLEY PLLC
A T T O R N E Y S   A T   L A W
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

*EXHIBIT B*


Washington State
Department of Social
& Health Services
Transforming lives

# Authorization

**AUTHORIZATION TO DISCLOSE DSHS RECORDS OF:**

| NAME   LAST | FIRST | MIDDLE | DATE OF BIRTH |
|---|---|---|---|
| Munger | Matthew | Lee | 7/15/1961 |

| The following information may help in locating records: | FORMER NAMES |
|---|---|

| CLIENT IDENTIFICATION NUMBER | OTHER IDENTIFICATION NUMBER | DATES OF SERVICE | LOCATION OF SERVICE |
|---|---|---|---|
| SSN: ████ | Medicare: ████ <br> Medicaid: ████ | All dates of service on record | All locations of service on record |

**DISCLOSE TO:**

| NAME   LAST | FIRST   Johnny | MIDDLE | TITLE |
|---|---|---|---|
| Trieu | | | Account/Records Specialist |

| ORGANIZATION OR BUSINESS NAME IF APPLICABLE |
|---|
| TScan Corporation |

| ADDRESS   4200 23rd Avenue West | CITY   Seattle | STATE   WA | ZIP CODE   98199 |
|---|---|---|---|

| TELEPHONE NUMBER (INCLUDE AREA CODE) | FAX NUMBER (INCLUDE AREA CODE) | E-MAIL ADDRESS |
|---|---|---|
| 206-285-6322/206-829-2105 | | johnny.trieu@tscan.biz |

| REASON FOR DISCLOSURE (NOT REQUIRED) |
|---|
| |

**AUTHORIZATION:**

SOURCES: I authorize the following DSHS programs to disclose or give access to confidential information about me as described below. Information may be provided verbally or by computer data transfer, mail, fax, or hand delivery.

☐ The following programs only (check all that apply):
- ☐ Behavioral Health Administration (BHA)
- ☐ Child Support (DCS)
- ☐ Developmental Disabilities (DDA)
- ☐ Vocational Rehabilitation (DVR)
- ☐ Special Commitment Center (SCC)
- ☐ Community Services (CSD – public assistance)
- ☐ Home and Community Services (HCS)
- ☐ Residential Care Services (RCS)
- ☐ State Mental Health Institutions (ESH, WSH, CSTC)
- ☐ Human Resources and Payroll

☒ Other: __All DSHS records, including, but not limited to all Adult Protective Services records.__

☒ All parts of the Department of Social and Health Services (DSHS)

RECORDS: I authorize the following DSHS records to be disclosed:
- ☐ Client records held by parts of DSHS marked above
- ☐ Other confidential records held by parts of DSHS marked above
- ☐ Personal information in employment-related records
- ☒ All my client records
- ☐ Records on the attached list
- ☐ The following records only:

I want to limit the records to be disclosed as follows (by date, type of record, etc.):
☐ I am not asking that records be disclosed at this time. Please place this authorization in my client file.

**PLEASE NOTE:** If your client or other confidential records include any of the following information, you must also complete the below section to allow disclosure of these records.

SPECIAL RECORDS: I give my permission to disclose the following information held in DSHS records (check all that apply):
- ☒ HIV/AIDS and STD test results, diagnosis or treatment records (RCW 70.02.220)
- ☒ Mental health records (RCW 70.02.230 or 240)
- ☒ Substance Use Disorder records (42 CFR Part 2)

- This permission is valid for 180 days or ☐ until _____ (date or event, if not checked, will be 180 days).
- I may revoke or withdraw my permission in writing at any time, but that will not affect information already produced.
- I understand that my records may no longer be protected under the laws that apply to DSHS after this they are produced.
- A copy of this form is valid to give my permission to disclose records. DSHS may charge to provide copies of its records.

| AUTHORIZED BY (SIGNATURE)   *[signature]* | DATE SIGNED   11 / 24 / 2021 | TELEPHONE NUMBER ( AREA CODE) |
|---|---|---|

| PRINT NAME   Steven munger | WITNESS/NOTARY (SIGN AND PRINT NAME, IF APPLICABLE) |
|---|---|

If I am not the person who is the subject of the records, I am authorized to sign because I am the: (attach proof of authority)
☐ Parent of minor   ☐ Legal Guardian   ☒ Personal Representative   ☐ Other:

**Notice to those receiving information:** If these records contain information about **HIV, STDs,** or alcohol or drug abuse, you may not further disclose that information under federal and state law without specific permission of the subject and meeting specific legal requirements.

**AUTHORIZATION**
DSHS 17-063 (REV. 12/2019)

PAGE 1 OF 2

**INSTRUCTIONS FOR COMPLETION OF AUTHORIZATION FORM**

**Purpose:** You should use this form when you want DSHS to be able to disclose confidential information about you to another person (including an attorney, a legislator, or a relative). You may give permission to disclose all confidential records DSHS has about you or you may limit your permission to specific records or parts of the agency. This form will also permit DSHS to discuss your situation verbally with the person you authorize.

**Notice to Clients:** Most client information DSHS has is confidential and will not be disclosed to others unless you grant permission or if disclosure is allowed by law. After DSHS discloses your confidential information, please be aware that the recipient may not protect your records under the same laws that apply to DSHS. DSHS cannot refuse you benefits if you do not sign this form to allow disclosures to DSHS unless your authorization is needed to determine eligibility. For information on how DSHS health care components covered by HIPAA share protected health information and your privacy rights, please consult the DSHS Notice of Privacy Practices at www.dshs.wa.gov or ask the person who gave you this form. You may get a copy of this form.

**Use:** You may fill out this form electronically or by hand. Use the tab key on a computer to move between fields. **A separate form must be completed for each person whose records are requested, including children.** "You" refers to the subject of the records.

**Parts of Form:**

IDENTIFICATION OF SUBJECT OF RECORDS:
- Name: Provide your full name or the name of the person whose records are requested if you are acting for someone else.
- Date of birth: Please include this information needed to identify you from persons with similar names.

OPTIONAL INFORMATION to help locate records:
- Former names: Include any other names that have been used when receiving benefits or services.
- Client identification number: Provide any number that DSHS may have assigned.
- Other identification number: Include any other identifier that could help locate DSHS records. Only provide a social security number if necessary.
- Date and location of services: Provide this information to help DSHS identify and locate the records you want disclosed.

PERSON RECEIVING RECORDS:
- Identification: Please fill out this section as fully as possible so we can contact the person or organization who will have access to your confidential information.
- Reason for Disclosure: This information is required before DSHS can share drug and alcohol or mental health records. If you do not fill in this field, DSHS will note the reason for disclosure as being at your request.

AUTHORIZATION:
- Parts of DSHS: Please mark either the parts of DSHS you want to disclose records or mark the bottom box in this section if you want to give access to any records DSHS has about you. Write in the name of program in "Other" if not in the list.
- Information disclosed: Indicate what records that you want disclosed. You may allow disclosure of all or part of your DSHS client or other confidential records. You may also limit disclosure to client records held only by the parts of the agency marked in the section above, or to specific records listed on this form or on an attachment you sign. If there are any limitations on what records you want disclosed, either list specific records or describe the limits, such as by date of services or type of record.
- Restricted records: If any of the records may include information about HIV/AIDS or STD testing or treatment, mental health treatment, or substance use disorder services, you must check each item to allow DSHS to disclose these records. Use Psychotherapy Authorization, form DSHS 17-270, to authorize disclosure of psychotherapy notes (45 CFR 164.508(b) (3) (ii)).
- Validity: This form is valid to give access to information currently held by DSHS. Your permission expires 180 days after signature or on any other date or event you provide. If you do not provide a date, the authorization will be valid for 180 days. You may revoke the authority to release records in writing at any time but it will be too late to take back information already produced.
- Cost: The public records act in RCW 42.56.120 and WAC 388-01-080 allow DSHS to charge for copies of records plus mailing costs. State hospitals and health care facilities may charge for patient records under Chapter 70.02 RCW.

SIGNATURES:
- If you are the subject of the records, sign and also print or type your name below. Insert the date you signed plus your telephone or contact number.
- If you are signing for another person, indicate why you can do so on the last line and attach a copy of the court order or other document giving you legal authority. Children must also sign to give permission to disclose their own confidential records if they are over the age of consent (13 for mental health and drug and alcohol services; 14 for information about HIV/AIDS or other STDs; any age for birth control and abortions; 18 for health or other records).
- Witness or notary: A witness or notary may be needed to verify your identity if you do not submit this form in person or if a program requests verification. This person should sign and print his or her name.

NOTICE TO DSHS: If these records contain HIV or STD information, DSHS must notify recipients that the information is confidential and that they may not further disclose the records without a specific authorization as required by RCW 70.02.300. If DSHS sends copies of records regarding substance use disorder services under this authorization, DSHS must include the following statement when disclosing information as required by 42 CFR 2.32:

This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

**AUTHORIZATION**
**DSHS 17-063 (REV. 12/2019)**

PAGE 2 OF 2

Doc ID: abc05c79503b7a7aa96cffa91becc29e2e122aa8

*EXHIBIT C*



**STATE OF WASHINGTON**
**DEPARTMENT OF SOCIAL AND HEALTH SERVICES**
Office of the Secretary
Information Governance
PO Box 45135 · Olympia Washington 98504-5135

December 1, 2021

Johnny Trieu
T-Scan Corporation
4200 23rd Avenue West Suite 200
Seattle WA 98199

Emailed to: johnny.trieu@tscan.biz and aminfo92@tscan.biz

RE:  Request for Public Records – DSHS Request ID # 202111 PRR 497

Dear Johnny Trieu:

This letter responds to your request under the Public Records Act, Ch. 42.56 RCW. We received your request on November 29, 2021. Please use the above request ID number when contacting us about this request.

You asked for client records regarding Matthew Munger. Any client records held by DSHS about this person would be confidential and privileged under RCW 74.04.060, and other state and federal laws that govern DSHS programs. We must have a valid authorization or court order to allow us to give you client records held by DSHS.  Because some parts of DSHS are the health care components of a HIPAA-covered entity and/or are subject to Washington's health care information access and disclosure law, authorizations must meet the requirements of 45 C.F.R. §164.508 and RCW 70.02.030(3).  Court orders must be entered after notice to DSHS and must meet the requirements in any applicable confidentiality laws.  You have not sent proof of legal authority to allow DSHS to give client records to you.

We received the Letter of Administration you provided; however, due to the confidentiality laws that govern DSHS programs, we require legal documentation that details the authority of an appointed Administrator prior to processing requests for client records. In addition, you sent a stipulation related to this request signed by the attorneys in this case; however, the stipulation documents we received did not include the judge's signature, required with a court order.

The document you sent shows that the signer of the authorization has been appointed by the court as the Personal Representative of the Estate. It does not provide documentation regarding the personal representative's specific authority as it relates to requesting or authorizing the release of confidential DSHS client records of the deceased. Due to the confidentiality laws that govern our programs, we require confirmation that the orders authorize the release of our confidential records before we can release records.

Once we receive the documents that detail the extent of the legal authority of the Administrator, we may proceed with processing this request. Please send the requested documents to our office.

Johnny
202111 PRR 497
December 1, 2021
Page 2

We must deny your request for client records and cannot process it further until we receive the documentation detailing the authority of the Administrator to permit us to disclose information to you.  After you send this documentation, we will respond further with an estimate of the time needed to provide any client records that DSHS may hold for this person. If you do not submit this within two weeks, December 15, 2021, 2019, we will consider your request to be withdrawn and will no longer process the request.

If you have any questions, please feel free to contact our office.

Sincerely,

Andrea Sterzer
DSHS Public Records Specialist
Phone: 360-902-8484/Fax:  360-902-7855 / DSHSPublicDisclosure@dshs.wa.gov